# Freshfields Bruckhaus Deringer US LLP

**By ECF**

Judge J. Paul Oetken
United States District Judge
Southern District of New York
Room 2101
40 Foley Square
New York, NY 10007

**Washington**
700 13th Street, NW
10th Floor
Washington, DC  20005-3960
T   +1 202 777 4500 (Switchboard)
     +1 202 777 4545 (Direct)
F   +1 202 507 5945
E   eric.mahr@freshfields.com
www.freshfields.com

Doc ID
US4178280/9

Our Ref
161495-0027 EJM

September 17, 2020

Re:   **Mayra Josenia Ferreyra Santos v. Carina Villalona and Mayobanex Villalona (Case 20-cv-5253) – Defendants' Answer and Motion**

Dear Judge Oetken:

We are writing to oppose the Motion to Set Aside, Continuance and Not to Enter Default filed by Carina Villalona and Mayobanex Villalona (*Defendants*) (ECF 18).

We note that Defendants filed their answer (*Answer*) to Mayra Josenia Ferreyra Santos' Complaint (the *Plaintiff* or *Ms. Ferreyra*) on September 15, 2020, over a month past the deadline to respond and eight weeks after Defendants were served. Defendants were properly served a copy of the Summons and Complaint on July 21, 2020 (ECF 7, 11), and, despite engaging counsel, never sought an extension for their time to respond.

Despite having engaged counsel in August, we understand Defendants are now proceeding *pro se*, and that the Court has wide discretion to determine the appropriate amount of latitude to grant to *pro se* litigants. However, we want to underscore for the Court that the Defendants' delay is not without great cost to Ms. Ferreyra. Ms. Ferreyra remains in the United States for only two reasons: to prosecute this case and because Defendants' actions have prevented her from traveling home to her family in the Dominican Republic. Indeed, one of the many inducements Defendants used to lure her to the United States was the promise to pay for her return to the Dominican Republic, which they have failed to do. They have also denied her a fair wage and she therefore lacks the funds to travel home (and then back again if required for this case). Most egregiously, Defendants still possess and have refused to return her passport. As a result, in a very real sense, Ms. Ferreyra remains a captive of Defendants' wrongdoing and continues to suffer from it. We ask the Court to consider this on-going harm in determining how to respond to the Defendants' failure to take action in response to the Complaint until now.

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany.

**Freshfields Bruckhaus Deringer US LLP**

2 | 3

Defendants cannot claim not to have been unaware of their obligations to the Court. The summons served upon them states plainly that

> [w]ithin 21 days after service of this summons on you (not counting the day you received it) … you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure … If you fail to respond, judgement by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Moreover, as we updated the Court in our letters of September 2, 2020, and September 4, 2020, Defendants engaged the Nestor Diaz Law Office as "settlement counsel" as early as August 10, 2020, but still failed to make any effort to respond to the Complaint. During these initial settlement discussions, Plaintiff postponed moving for default, until Defendants' counsel informed us on September 4, 2020, that they no longer represented Defendants.

If the Court chooses to strike Defendants' Answer as untimely and insufficient under the Federal Rules of Civil Procedure, Ms. Ferreyra will move for default within ten days. Ms. Ferreyra was granted a Certificate of Default from the Clerk on September 9, 2020 (ECF 16) and was in the process of preparing a motion for default when Defendants filed their Answer.

If the Court chooses not to strike the Answer, Plaintiffs requests that the Court order Defendants to provide a full and complete Answer responding to each paragraph in the Complaint (as opposed to the blanket denial in their Answer in which they even deny their address) within no more than 30 days. We suggest that this is a more than fair requirement give that Defendants have now had the Complaint for almost two months and all of the information needed to respond is within their own personal knowledge.

In parallel, Ms. Ferreyra continues to be open to settlement discussions, but asks that Defendants not be permitted to use those discussions as a tool to delay further the progress of this litigation. While Defendant Mayobanex Villalona travels back and forth to the Dominican Republic, Ms. Ferreyra remains trapped in the United States unable to return to her family, all the result of the Defendants' wrongdoing.

We wrote this letter as opposed to filing a formal motion to strike given Defendants' *pro se* status and in order to avoid delay. If the Court would prefer that Plaintiff file a formal motion to strike, we will of course do so at your direction.



Respectfully,

Eric Mahr

cc: Carina Villalona and Mayobanex Villalona